```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

SHARON JOHNSTON,

        Petitioner,

vs.                              Case No.  2:10-cv-180-FtM-29DNF
                                      Case No.  2:07-cr-105-FTM-29DNF

UNITED STATES OF AMERICA,

        Respondent.

_____

### ORDER

Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. #8) on March 26, 2010.  Upon consideration of the motion and in accordance with the Rules Governing Section 2255 Cases in the United States District Courts, it is

    **ORDERED**:

    (a)  The Government shall, within **SIXTY (60) DAYS** from the date of this Order, file a response indicating why the relief sought in the motion should not be granted.  The Court will thereafter take the matter under advisement and rule in due course.

    (b)  As part of the initial pleading required by paragraph (a) of this Order, the Government shall also:

        i.    State whether any bar, procedural or otherwise, operates against defendant herein, including whether defendant has used any other available federal remedies -- e.g., any prior post-conviction motions -- and if so, whether an

    evidentiary hearing was accorded to the movant in any federal court;

  ii. Unless already filed herein through previous proceedings, file and serve transcripts and/or narrative summaries in accordance with Rule 5(b) of the Rules Governing Section 2255 Cases in the United States District Courts and file them concurrently with the responsive pleading;

  iii. Summarize the results of any direct appellate relief sought by defendant, to include citation references and, if appropriate, copies of appellant and appellee briefs from any appellate proceeding.[1]

  iv. Provide a detailed explanation of whether the motion was or was not filed within the one-year limitation period set forth in 28 U.S.C. § 2255.

(c) Henceforth, defendant shall mail one copy of every pleading, exhibit and/or correspondence, along with a certificate of service indicating the date an accurate copy was mailed, to the government listed in the bottom of this Order. Should defendant fail to include the required certificate of service, the Clerk of this Court is directed to reject the document for filing and return the document without action.

(d) Defendant shall advise the Court of any change of address by filing herein with the Clerk of Court a "Notice of Change of Address." Failure to do so resulting in the Court's inability to

---

[1] The Government shall also indicate whether each claim was raised on direct appeal. If any of the claims were not raised on direct appeal, the Government shall indicate whether it waives the defense concerning the failure to raise the claim on direct appeal. See Cross v. United States, 893 F.2d. 1287, 1289 (11th Cir. 1990), cert. denied, 498 U.S. 849 (1990). If any of the claims were raised on direct appeal, the Government shall indicate whether it waives the defense concerning the relitigation of claims that were previously raised and disposed of on direct appeal. See United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981).

serve defendant will cause the dismissal of this case for failure to prosecute.

**DONE AND ORDERED** at Fort Myers, Florida, this __29th__ day of March, 2010.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies:
Petitioner
AUSA